## School District of the City of Erie *v.* Smith.

*Constitutional law—Local and special legislation—School districts—Cities —Classification—Taxation—Act of May 25, 1897, P. L. 85.*

The act of May 25, 1897, which provides that "in cities of the third class where the school district comprises the same territory as the city, the taxes for school and school building purposes shall be levied on the assessment for city purposes," is not unconstitutional either because it is a classification of school districts, or because it does not apply to all cities of the third class.

Under the general school act of 1854, every school district in a city of the third class is coterminous with it, and will therefore come under the act of May 25, 1897, and if under the previous law there are any exceptional cases they simply continue as before, but the act works no new local or special results.

As the act of 1897 deals only with the question of taxation, and as its requirement that the assessment of property which is to be the basis of taxation shall be the same for school purposes as it is for general municipal purposes of the city, its only effect is to produce uniformity in the basis of taxation for both purposes, on the people of the same territory, an effect that is in entire harmony with the general scheme of the constitution.

Argued Jan. 30, 1900. Appeal, No. 17, Jan. T., 1900, by plaintiff, from order of C. P. Erie Co., May T., 1899, No. 56, dismissing petition for mandamus in case of School District of the City of Erie v. Clinton B. Smith et al., Commissioners for the County of Erie. Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Petition for mandamus to compel the county commissioners to furnish plaintiff with the annual county assessment.

The defendants alleged that under the act of May 25, 1897, it was the duty of the city to furnish a copy of the city assessment to the school district.

The court in an opinion by WALLING, P. J., dismissed the petition.

*Error assigned* was the order of the court.

*John S. Rilling* and *Henry E. Fish*, for appellant.—It is distinctly a part of the affairs of a school district to provide for the levying of the school taxes, therefore the act in question is unconstitutional: Montgomery v. Com., 91 Pa. 125; Frost v. Cherry, 122 Pa. 417.

The act violates the section of the constitution which prohibits any special or local law " regulating the management of public schools, the building or repairing of schoolhouses, and the raising of money for such purposes," by using the city assessment instead of that made by the county commissioners for the purpose of levying taxes.

The act also violates so much of said section in the constitution which provides " nor shall the general assembly indirectly enact such special or local law by the partial repeal of a general law : " Wheeler v. Philadelphia, 77 Pa. 338; In re Sugar Notch Borough, 192 Pa. 349; Kilgore v. Magee, 85 Pa. 401; Bennett v. Norton, 171 Pa. 221; Lloyd v. Smith, 176 Pa. 213;

Ayars's App., 122 Pa. 266; Seabolt v. Commissioner of Northumberland County, 187 Pa. 318; Scowden's App., 96 Pa. 422; Davis v. Clark, 106 Pa. 377; McCarthy v. Commonwealth, 110 Pa. 243; Commonwealth v. Reynolds, 137 Pa. 389; Philadelphia v. Haddington M. E. Church, 115 Pa. 291; Weinman v. Wilkinsburg, etc., Ry. Co., 118 Pa. 192; In re Wyoming St., 137 Pa. 494; City of Meadville v. Dickson, 129 Pa. 1; Appeal of Scranton School District, 113 Pa. 176; City of Scranton v. Silkman, 113 Pa. 191; Reeves v. Phila. Traction Co., 152 Pa. 153; Evans v. Phillipi, 117 Pa. 226; Opening of Ruan Street, 132 Pa. 257; McCarthy v. Com., 110 Pa. 243; Kilgore v. Magee, 85 Pa. 401; Davis v. Clark, 106 Pa. 377.

This court has decided that a school district is not a municipal subdivision of a city; that a school director is not a municipal officer, and that laws relating to the collection of school taxes do not subserve a municipal purpose: Van Loon v. Engle, 171 Pa. 157.

That there can be classification in regard to school districts is recognized by this court in In re Sugar Notch Borough, 192 Pa. 349.

*A. E. Sisson,* for appellee, cited Wheeler v. Philadelphia, 77 Pa. 338.

OPINION BY MR. JUSTICE MITCHELL, April 30, 1900:

This case was argued in connection with Com. ex rel. v. Gilligan, ante, p. 504, and depends upon the same general principles. The city of Erie, though of the third class, has never come under the Act of May 23, 1874, P. L. 254, and its school affairs have been conducted under the general school Act of May 8, 1854, P. L. 617. The school district of Erie is coterminous territorially with the city of Erie, which under the act of 1854 constitutes a single school district.

The Act of May 25, 1897, P. L. 85, provides that " . . . . in cities of the third class where the school district comprises the same territory as the city, the taxes for school and school building purposes shall be levied on the assessment for city purposes." It was objected that this act is unconstitutional first, because it is a classification of school districts, and secondly, because it does not apply to all cities of the third class. The

learned judge below rightly held that it was not objectionable on either ground. In In re Sugar Notch Borough, 192 Pa. 349, it was said : " There is no constitutional objection to the classification of school districts any more than of cities. Both are included in the same clause of the constitution prohibitory of local and special legislation, and there is no argument against classification of one that is not equally forcible against the other." And in Com. ex rel. v. Gilligan, ante, p. 504, it was held that classification of school districts, in reference to their business affairs, has relation to matters in their nature municipal, and is therefore not unconstitutional, though its basis may be the classification of cities. There is no function of the school system more clearly or more exclusively municipal and governmental in character than its power of taxation. The act of 1897 deals only with this feature of the system, and its requirement that the assessment of property which is to be the basis of the taxation shall be the same for school purposes as it is for the general municipal purposes of the city. Its only effect is to produce uniformity in the basis of taxation for both purposes on the people of the same territory, an effect, it need hardly be said, that is in entire harmony with the general scheme of the constitution.

The second objection, that the act of 1897 does not apply to all school districts in cities of the third class, but only to those which are coterminous as to territory, is equally untenable. By the general act of 1854, " every township borough and city . . . . shall constitute a school district." Prima facie, therefore, every school district in a city of the third class is coterminous with it, and will, therefore, come under the act of 1897, and if under the previous law there are any exceptional cases, they simply continue as before, but the act works no new local or special results. On this subject see the remarks of the present chief justice in City of Reading v. Savage, 124 Pa. 328, quoted in Com. ex rel. v. Gilligan, ante, p. 504.

Judgment affirmed.